UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4931(DSD/SER)

Joshua J. Israel,

      Plaintiff,

v.                                         **ORDER**

Aerotek Commercial Staffing,

      Defendant.

    Joshua J. Israel, P.O. Box 535, 3910 12th Avenue East, Shakopee, MN 55379, pro se.

    Alyson M. Palmer, Esq., Shannon M. McDonough, Esq. and Fafinski, Mark & Johnson, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344 and William E. Corum, Esq. and Husch and Blackwell, 4801 Main Street, Suite 1000, Kansas City, MO 64112, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Aerotek Commercial Staffing (Aerotek) and motion for default judgment by plaintiff Joshua J. Israel. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to dismiss.

**BACKGROUND**

This employment dispute arises out of the termination of Israel by nonparty Lake Region Medical Manufacturing (Lake Region) on April 19, 2009. Israel began working at Lake Region on July 21, 2008, following placement by Aerotek. Compl. ¶ 5. After his termination by Lake Region, Israel told Aerotek that he had been

subjected to sexual harassment at Lake Region. Id. ¶ 8. Aerotek told Israel about two possible job opportunities, and Israel responded that he had "an injury impairment to his middle back" and that he "required a job assignment where he could sit-down [sic] and do detail work under a microscope, for 100% of the work day." Id. ¶ 9. On April 20, 2009, Israel applied for unemployment benefits. Id. ¶ 10. Israel told the unemployment representative about the alleged sexual harassment and his injury. Id. On April 21, 2009, Aerotek told Israel that the two positions were no longer available, but advised Israel to call daily about possible positions. Id. ¶ 11. Israel did so, and applied for two positions. Id. ¶ 12. Aerotek told Israel that he was not qualified for the positions. Id. Thereafter, Aerotek offered Israel several positions. Israel refused those positions because they "required exposure to strong chemicals for bonding and gluing." Id. ¶ 14.

On June 30, 2009, Israel filed a charge of reprisal against Aerotek with the Minnesota Department of Human Rights (MDHR). Id. ¶ 15. Aerotek did not participate in mediation and "refused to have a face to face interactive process, with [Israel] for a reasonable accommodation." Id. ¶ 16. On August 2, 2010, the MDHR dismissed the charge and found no probable cause. See id. Israel appealed the finding, and on September 7, 2010, the MDHR affirmed its findings. See id.

The legal proceedings between Israel and Aerotek have an unusual procedural history. Israel first sued Aerotek pro se in Minnesota state court in October 2010 (the first action). See Notice of Removal, Israel v. Aerotek Commercial Staffing, No. 10-4370 (D. Minn. Oct. 26, 2010). Aerotek timely removed. Thereafter, Israel opposed removal and Aerotek moved to dismiss. The court heard oral argument on December 17, 2010. At oral argument, Israel gave Aerotek a copy of his proposed amended complaint. The court instructed Israel to go to the office of the Clerk of Court to address his proposed filing. At the Clerk's office, Israel filed the proposed amended complaint in the first action. Israel also filed the proposed amended complaint as the present action. Thereafter, the court denied leave to amend and dismissed the first action for failure to state a claim. See No. 10-4370, ECF No. 25, at 4.

Aerotek now moves to dismiss the present action. Israel moves for default judgment or an answer within 14 days. On May 20, 2011, the court heard oral argument, and now considers the motions.

**DISCUSSION**

**I.   Motion for Default Judgment**

The court has considered Israel's largely incoherent motion for default judgment and finds it to be without merit. Israel appears to seek default judgment for Aerotek's alleged failure

timely to respond to the proposed amended pleading in the first action. The court dismissed the first action; no response was required of Aerotek. Therefore, the motion is moot, and denial is warranted.

## II. Motion to Dismiss

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider, however, materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186

F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint," Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).

As an initial matter, the Minnesota Human Rights Act (MHRA) provides the exclusive procedures for reprisal claims. See Minn. Stat. §§ 363A.04, 363A.15. The MHRA requires a plaintiff to bring a civil action "within 45 days after receipt of notice that the commissioner has reaffirmed a determination of no probable cause" Minn. Stat. § 363A.33 subdiv. 1(2). In the present case the commissioner reaffirmed the finding of no probable cause on September 7, 2010. Receipt is presumed on September 14, 2010. See id. § 363A.33; Minn. R. Civ. P. 6.01. Therefore, Israel had until October 29, 2010, to bring an action "seeking redress for an unfair discriminatory practice." Minn. Stat. § 363A.33 subdiv. 1(2).

Aerotek argues that Israel failed to bring an action until December 17, 2010. Specifically, Aerotek argues that the dismissal in the first case was based on Israel's failure to serve a complaint "in title or substance" and thus no action was commenced under Minnesota law.[1] Israel responds that he filed an action in

---

[1] A plaintiff "bring[s] a civil action" for purposes of 363A.33 when he has commenced the action "in the manner provided in Minn. R. Civ. P. 3.01" See Ochs v. Streater, Inc., 568 N.W.2d 858, 859-60 (Minn. Ct. App. 1997). Under Rule 3.01, a civil action is commenced "when the summons is delivered to the sheriff in the county where the defendant resides for service." Minn R. Civ. P. 3.01. A separate rule states that the complaint should be included with the summons. As a result, service or delivery to the sheriff (continued...)

5

October 2010, and that the instant action should relate back to the first action.

An amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1). On December 17, 2010, Israel filed a proposed amended complaint in the first case and the identical document as a complaint in the present case. The court analyzed and dismissed the first action under Rule 12(b)(6) for failure to state a claim. The court stated that the original purported complaint was not "in title or substance a complaint" against Aerotek but noted that its dismissal was based on Israel's filing of a new action. Moreover, the court treated the filing as a complaint and dismissed it for failure to state a claim.[2]

There is no dispute that Israel served a summons and a purported complaint on Aerotek in the first action. That purported complaint contained several references to reprisal by Aerotek based on disability and his alleged complaint of sexual harassment. See Notice of Removal, Ex. A ¶¶ 13-16, 23, No. 10-4370, ECF No. 1-1;

---

[1](...continued)
of a summons, not a complaint, commences an action and is the operative act for purposes of 363A.33.

[2] In dicta, the court noted that dismissal was warranted under Rule 12(b)(4) and 12(b)(5), the court finds that statement erroneous and inconsistent with the court's disposition of the motion to dismiss in the first action.

id. at 1Ha. It is also undisputed that Israel moved to amend before the first action was dismissed. Leave to amend was warranted, but the court dismissed the first action based on Israel's filing a new action.³ Under these circumstances, and viewing Israel's pro se filings liberally, the court finds that the present complaint relates back under Rule 15(c), and therefore is timely for purposes of 363A.33.

Further, even if the present complaint did not relate back, the court would apply equitable tolling in this case: Israel has proceeded diligently, and if the court had granted leave to amend rather than dismissing the first action in favor of the present action, the complaint would be timely. The decision of the Clerk of Court to open a new case and the choice of the court to allow the second case to proceed are outside of Israel's control. Therefore, dismissal is not warranted based on the statute of limitations.

Dismissal is warranted, however, because the complaint fails to state a claim. To establish a prima facie case of reprisal, Israel must show that (1) he engaged in protected conduct, (2) he suffered an employment action that would dissuade a reasonable employee from making a charge of discrimination, and (3) that there is a causal connection between the two. See Bahr v. Capella Univ.,

---

³ The court also favored the second action to allow it to refer Israel to the Pro Se Project of the Minnesota Chapter of the Federal Bar Association. See ECF No. 8.

765 N.W.2d 428, 433 (Minn. Ct. App. 2009). The present complaint provides no evidence that Israel suffered an adverse employment action. His conclusory statement that Aerotek refused to offer him positions is insufficient to state a claim. Israel demanded "a job assignment where he could sit-down [sic] and do detail work under a microscope for 100% of the day." Compl. ¶ 9. He offers no evidence that such positions were available. Moreover, the complaint contradicts his claim: he states that Aerotek offered him job assignments, but that he rejected those positions "for health and safety reasons." Id. ¶ 14. In short, Israel did not request accommodation, he requested a particular job. The complaint offers no facts from which the court may draw the reasonable inference that such a job was available. Therefore, the complaint fails to state a claim, and dismissal is warranted.[4]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 12] is granted; and

---

[4] The manner and nature of Aerotek's responses to Israel's charge of discrimination do not constitute adverse employment actions. See McDonough Decl. Ex. A, ECF No 15-1, at 10 ("The respondent [Aerotek] provided an answer to the charge.").

   2.   The motion for default judgment or an answer [ECF No. 17] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 16, 2011

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court